UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br>                Plaintiff,<br>    v.<br>JAMES B. CATLEDGE,<br>                Defendant. | Case No. 12-cr-00678-MMC-1  (JCS)<br><br>**ORDER DENYING MOTION TO CHANGE BOND CONDITIONS**<br>Re: Dkt. No. 62 |

By Order filed March 27, 2014, Judge Chesney granted Jacklinn Pullman's ("Pullman") "request for reconsideration of the Order Setting Conditions of Release and Appearance Bond" and provided Pullman and Defendant Catledge ("Catledge") an opportunity to submit written declarations and argument on whether the conditions of release in this matter should be modified or revoked.  (Docket #57)  Pullman submitted a lengthy declaration, and Catledge submitted an opposition brief.  For the reasons stated below, the Court has reconsidered the Order Setting Conditions of Release, and determined that the original condition set by the Court are appropriate.

The Bail Reform Act instructs the court to release defendants on the "least restrictive . . . conditions or combination of conditions, that . . . will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . ."  18 U.S.C. § 3141(c).  The weight of the evidence against the defendant is but one factor among many in this determination, and, consistent with the presumption of innocence, is the least important of the factors.  See 18 U.S.C. § 3142(g).

Pullman's declaration details what she believes to be a wide ranging Ponzi scheme by the defendant, and the establishment of newer entities that may be likewise used to defraud innocent investors and others.  *See generally*, Pullman Declaration.  She argues that "[t]herefore, he should have the highest bail allowed set so as to ensure that there are funds for restitution."

1  The Court has reviewed all of the factors set forth in §§ 3141(c) and 3142 (g) and
2  determines that the original conditions are the least restrictive conditions that will reasonably
3  assure the appearance of the defendant, and the safety of the community.  Defendant has no
4  criminal record.  He is charged with serious crimes, but, on the other hand, while on release in this
5  case has not violated any of the conditions of his bond and has made every court appearance.  The
6  current conditions, which include a $50,000 unsecured bond, supervision by Pretrial Services, and
7  restrictions on his travel, are, and have proven to be, sufficient to meet the requirements of 3141(c)
8  at least as shown in the record before the Court.  Accordingly, the Court declines to change the
9  bail conditions.

**IT IS SO ORDERED.**

Dated: May 28, 2014

_____
JOSEPH C. SPERO
United States Magistrate Judge

United States District Court
Northern District of California