IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES B. CATLEDGE and DEREK F.C. ELLIOTT,<br><br>Defendants. | Case No. 12-cr-00678-MMC<br><br>**ORDER RE: DEFERRED PORTION OF CRIME VICTIM JACLINN PULLMAN'S MOTION FOR RELIEF FILED MARCH 1, 2018**<br><br>Re: Dkt. No. 217 |

Before the Court is the deferred portion of the "Motion for Relief Under the Crime Victim's Rights Act 18 U.S.C. § 3771," filed March 1, 2018, by Jaclinn Pullman ("Pullman"), an asserted victim of the crimes with which the above-named defendants have been charged.[1] The government has filed a response to the motion, as has defendant James B. Catledge ("Catledge"),[2] and Pullman has filed a reply. Having read and considered the parties' respective written submissions, the Court rules as follows.

At the outset, the Court addresses Catledge's argument that the motion should be denied on the ground that Pullman is not a "crime victim" within the meaning of 18 U.S.C. § 3771. As explained in the Court's order of March 27, 2014, the rights provided to a "crime victim" under § 3771 include rights arising pre-judgment, i.e., a time at which the

---

[1] By order filed March 2, 2018, the Court granted the motion to the extent Pullman sought leave to supplement her previously-filed objections to terms contained in defendant Derek F.C. Elliott's plea agreement.

[2] Although Catledge failed to provide the Court with a chambers copy of his response, the Court has considered it. Catledge is again reminded (see Order, filed June 13, 2014) that, pursuant to Criminal Local Rule 2-4, parties are required to provide for use in chambers one paper copy of each document filed with the Clerk.

defendant is presumed innocent, and, consequently, courts, in determining whether a party seeking relief under § 3771 is a "crime victim," must look to factors other than a conviction. In its prior order, the Court found Pullman is a "crime victim," given the government's identification of Pullman as such and the nature of the crimes charged, specifically, false statements allegedly made to investors in a resort, which investors include Pullman. The Court finds no basis to reconsider its prior finding at this time, particularly in light of the government's response to Pullman's motion, in which it reiterates its position that she is a crime victim, and, further, because Catledge's argument that Pullman was not defrauded is disputed by Pullman in a declaration she filed with her reply.

The Court next considers the requests made by Pullman in the deferred portion of her motion, each of which pertains to procedures she seeks the Court to require in the event Catledge changes his plea to guilty.

First, Pullman requests that any hearing at which Catledge may change his plea be conducted "with sufficient notice of the date and time of the hearing so [crime victims] may exert their statutory right to be heard." (See Notice of Mot., lines 5-10.)[3] A crime victim has the "right to be reasonably heard at any public proceeding in the district court involving . . . [a] plea," see 18 U.S.C. § 3771(a)(4), and the "government must use its best efforts to give the victim reasonable, accurate and timely notice of any public court proceeding involving the crime," see Fed. R. Crim. P. Rule 60(a)(1). In conformity therewith, the Court previously directed the government to provide Pullman with notice "as to the date of any proceeding at which it anticipates [Catledge] will enter a plea other than not guilty." (See Order, filed March 27, 2014, at 2:3-5.) No additional directions appear necessary at this time.

Second, Pullman requests that any hearing at which Catledge may change his

---

[3] Pullman's Notice is unnumbered and constitutes the second page of a single filing titled "Notice of Motion and Motion for Relief."

plea be conducted in "public."  (See Notice of Mot., lines 6-7.)  As no hearing regarding a change of plea has been set and, consequently, no request to seal any such proceeding has been filed, the Court cannot issue a definitive ruling on Pullman's request at this time. The Court nonetheless notes that court proceedings are "presumed" to be open to the public and "may be closed to the public" only under limited circumstances.  See Oregonian Publishing Co. v. United States District Court, 920 F.2d 1462, 1465-66 (9th Cir. 1990) (setting forth showing party must make to override presumption of public access to criminal proceeding).

Third, and lastly, Pullman requests that the government be directed to disclose to her any "potential plea agreement" (see Mem. of P. & A. at 3:3-4) in sufficient time to provide her "a meaningful opportunity to offer her views before a plea agreement is formally reached" (see Notice of Mot. at 2:10-13).  As the government cites no opposition to such request and, indeed, acknowledges Pullman has the "right to be informed in a timely manner of any plea bargain," see 18 U.S.C. § 3771(a)(9), the request is hereby granted.

**IT IS SO ORDERED.**

Dated: April 4, 2018

MAXINE M. CHESNEY
United States District Judge

3