IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JAMES B. CATLEDGE and DEREK F.C. ELLIOTT,<br>Defendants. | Case No. 12-cr-00678-MMC-1<br><br>**ORDER GRANTING JERRY HARRIS'S MOTION TO CORRECT AMENDED JUDGMENT; DIRECTIONS TO GOVERNMENT; DIRECTIONS TO CLERK** |

By indictment filed September 18, 2012, defendant James B. Catledge ("Catledge") was charged with one count of conspiracy to commit mail fraud, as well as three counts of mail fraud. The charges arose from an alleged scheme to defraud investors in Sun Village Juan Dolio, Inc. ("Juan Dolio), a corporation that sold interests in a resort in the Dominican Republic. (See Indictment ¶¶ 3-4, 8.)

On May 2, 2018, Catledge, pursuant to a Plea Agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), pleaded guilty to Count 2, one of the mail fraud charges (see Plea Agreement, filed May 2, 2018, ¶ 1), and agreed to imposition of a sentence that could "include imprisonment of up to but no more than 60 months" (see id. ¶ 8); with respect to restitution, Catledge "agreed to a judgment imposing full restitution for all losses caused by all the schemes or offenses with which [he] was charged in this case," in an amount no greater than $91,000,000 (see id. ¶ 10.) On December 12, 2018, the Court accepted the Plea Agreement, sentenced Catledge to a term of 60 months, and deferred determination of the amount of restitution. On January 10, 2019, the Clerk of

Court entered the judgment.

At a hearing conducted February 27, 2019, the Court ordered restitution to be paid to all "Juan Dolio investors" who had submitted claims of loss. (See Transcript of Proceedings, February 27, 2019, 91:9 - 92:2.) Given the exceptionally large number of claimants, the Court, in lieu of reading each of those names and losses into the record, was provided a list that, as represented by the government, "incorporated everyone who ha[d] made claims for Juan Dolio." (See id. 91:14-15.) On May 15, 2019, the Clerk of Court entered an Amended Judgment, along with a "Restitution Schedule" listing the claimants to whom Catledge was ordered to pay restitution in the total amount of $32,737,143.65.

Now before the Court is a letter, filed July 19, 2019, from Jerry Harris ("Harris"), an investor in Juan Dolio, in which Harris points out he is not listed in the Amended Judgment as a person entitled to restitution. The government and Catledge have filed separate responses to the letter, to which Harris has replied. Having read and considered the parties' respective written submissions, the Court rules as follows.

The Court construes Harris's letter as a motion to correct the Amended Judgment to reflect an award of restitution in his favor. Under Rule 36 of the Federal Rules of Criminal Procedure, a court may correct "clerical mistakes" in a judgment, see United States v. Penna, 319 F.3d 509, 513 (9th Cir. 2003), to "conform" the terms of the judgment to that "which the record indicates was intended," see United States v. Kaye, 739 F.2d 488, 490 (9th Cir. 1984); see also United States v. Hernandez, 795 F.3d 1159, 1169 (9th Cir. 2015) (directing district court to amend judgment "to conform with the oral pronouncement of the sentence").

As set forth above, the Court accepted the parties' Plea Agreement, under which the agreed-upon sentence was to include restitution for all victims of the Juan Dolio scheme who had submitted claims of loss. There is no dispute that Harris is a victim of the Juan Dolio scheme and that he submitted in timely fashion a claim in which he stated he invested $182,812.50, his only return thereon being $11,984.38. (See Doc. Nos. 301,

2

355; see also United States' Response, filed August 9, 2019, at 1:22-23). Under such circumstances, the Court finds the inadvertent omission of Harris's name and loss from the schedule attached to the Amended Judgment constitutes a clerical error under Rule 36, and, consequently, finds it appropriate to correct the Amended Judgment to conform to the Court's oral pronouncement that all Juan Dolio investors who submitted a claim are entitled to restitution.

Accordingly, Harris's motion is hereby GRANTED.

The government is hereby DIRECTED to file, no later than September 30, 2019, a corrected restitution schedule that includes Harris's name and net loss in the amount of $170,828.12.[1] Upon receipt of such corrected schedule, the Clerk is hereby DIRECTED to file a Second Amended Judgment with the corrected schedule attached thereto.

**IT IS SO ORDERED.**

Dated: September 23, 2019

MAXINE M. CHESNEY
United States District Judge

---

[1] Although Harris seeks an award in the amount of his initial investment, the proper sum awarded is his initial investment less the amounts distributed to him. See United States v. Van Alstyne, 584 F.3d 803, 807, 819 (9th Cir. 2009) (holding restitution for victims of "Ponzi scheme" properly calculated by subtracting from amounts initially invested all "amounts distributed to investors" and "refunds")

3