IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JAMES B. CATLEDGE,<br>Defendant. | Case No. 12-cr-00678-MMC-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE AND SENTENCE REDUCTION** |

Before the Court is defendant James Catledge's "Motion for Compassionate Release and Sentence Reduction," filed April 4, 2020. The government has filed opposition, as have victims Fely Jamili and Jaclinn Pullman. Defendant has filed a reply. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.

By indictment filed September 18, 2012, the government alleged defendant had committed mail fraud, specifically, a scheme to defraud investors in the Sun Village Juan Dolio Resort. On May 2, 2018, defendant and the government entered into a plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Civil Procedure; that same day, defendant pleaded guilty to one count of mail fraud. Thereafter, on December 12, 2018, the Court, in accordance with the plea agreement, sentenced defendant to a term of sixty months in prison, to be followed by three years of supervised release. Defendant began serving his term of imprisonment on April 30, 2019 (see Doc. No. 317; Def.'s Mot. at 3:11-12), and, as defendant notes, the Bureau of Prisons has calculated his release date as August 2, 2023.

By the instant motion, defendant seeks, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i),

1  his immediate release.  Specifically, defendant requests he now be given "a sentence of
2  imprisonment of time-served followed by a term of supervised release not to exceed the
3  balance of his original prison sentence," with the term of supervised release to be served
4  "on home incarceration."  (See Def.'s Mot. at 15:5-8.)
5      18 U.S.C. § 3582(c) provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that –
>
> (1) in any case –
>
>    (A) the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
>       (i) extraordinary and compelling reasons warrant such a reduction . . .
>
>    and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

See 18 U.S.C. § 3582(c).

Here, defendant argues, the "extraordinary and compelling reasons" that warrant his release are the global COVID-19 pandemic and his medical condition of Ehlers-Danlos Syndrome (see Presentence Investigation Report ¶ 47), which condition, he asserts, places him at a high risk of contracting a severe illness if he were to become infected with COVID-19.

At the outset, the government, relying on defendant's promise in the plea agreement that he would "not . . . seek relief under 18 U.S.C. § 3582" (see Plea Agreement, Doc. No. 242, ¶ 5), argues defendant waived his right to bring the instant motion.  At the time defendant entered into the plea agreement, however, as well as the time at which he was sentenced, § 3582 did not authorize a court to consider a motion to modify a sentence on the basis of an asserted extraordinary and compelling reason.  See

1  Pub. L. 115-391, Title VI, § 603(b), 132 Stat. 5194, 5239.  As defendant did not have,
2  either at the time he entered into the plea agreement or at the time he was sentenced,
3  the right to file a motion for a reduction based on the grounds presently raised, the Court
4  finds defendant has not waived such right.
5        The Court next turns to the question of whether defendant has shown grounds
6  exist for the relief sought.  As noted above, a court may consider a motion under
7  § 3582(c)(1)(A)(i) only after a defendant has exhausted his administrative remedies.
8  Here, defendant concedes he has not exhausted his administrative remedies; rather, he
9  argues he should be excused from doing so.
10       Assuming, <u>arguendo</u>, the Court, in its discretion, may consider the instant motion,
11 defendant has failed to show sufficient grounds for such exception exist.  As defendant
12 acknowledges, the Attorney General, on March 26, 2020, directed the Bureau of Prisons
13 ("BOP") to "prioritize the use of the [BOP's] various statutory authorities to grant home
14 confinement for inmates seeking transfer in connection with the ongoing COVID-19
15 pandemic," and has identified a non-exclusive "list of discretionary factors" to consider in
16 connection with such requests, including the "age and vulnerability of the inmate to
17 COVID-19" and the inmate's "conduct in prison."  (<u>See</u> DeMarco Decl. Ex. 3.)
18       At the time he filed the instant motion, defendant was housed at Taft Correctional
19 Institution ("Taft"), to which he states he submitted a request for release on April 1, 2020,
20 a date from which 30 days, concededly, have not passed.  <u>See</u> 18 U.S.C. § 3582(c)(1)(A)
21 (providing BOP has 30 days to rule).  Although defendant argues he should not have to
22 await the BOP's determination because Taft is closing and he expected to be transferred
23 to Lompoc Correctional Institution, a facility at which a number of inmates and staff have
24 contracted COVID-19, the BOP's website indicates he has instead been transferred, or is
25 in the process of being transferred, to FCI Mendota.  To the Court's knowledge, there are
26 no reported incidents of COVID-19 infections at that facility.  Moreover, even if Taft,
27 which is managed by a private corporation, did not process defendant's request pending
28 transfer, the Court has no reason to believe FCI Mendota, a federal institution, would fail

3

to do so, particularly in light of the Attorney General's recent directive to the BOP.

Accordingly, the motion is DENIED for failure to exhaust administrative remedies.

Even assuming defendant had shown he should be excused from § 3582(c)(1)(A)'s exhaustion requirement, however, the motion nonetheless fails, as Ehlers-Danlos Syndrome has not been identified by the Centers for Disease Control as a condition creating a high risk of severe illness from COVID-19, see www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html; www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-guidance-management-patients.html, and defendant has offered no evidence suggesting otherwise.

Defendant's citation to several cases in which district courts have recently granted relief under § 3582(c)(1)(A)(i) is unavailing. In all of those cases, the prisoner, unlike defendant here, was subject to a high risk of severe illness if infected by COVID-19; also, unlike defendant here, each such prisoner, with one exception,[1] had served 80% or more of his sentence. See United States v. Hernandez, 2020 WL 1684062, at *1 (S.D. N.Y. April 2, 2020) (granting motion where inmate diagnosed with asthma had served 20 months of 24-month term); United States v. Perez, 2020 WL 1546422, at *1 (S.D. N.Y. April 1, 2020) (granting motion where inmate recovering from recent surgery for injuries sustained in "two vicious beatings" had served all but 16 days of three-year term); United States v. Muniz, 2020 WL 1540325, at *1-2 (S.D. Tex. March 30, 2020) (granting motion where inmate had, inter alia, end stage renal disease and had served "approximately 80 percent" of 188-month term); United States v. Campagna, 2020 WL 1489829, at *1 (S.D. N.Y. March 27, 2020) (granting motion where inmate with "compromised immune system with very low white blood cell counts" had served 36 months of 40 month sentence).

---

[1] In that one case, the inmate, a 64-year old woman who suffered from "chronic obstructive pulmonary disease," was granted home confinement after having served 2 months of a 10-month term. See United States v. Gonzalez, 2020 WL 1536155, at *1-*2 (E.D. Wash. March 31, 2020). Although the opinion does not set forth the details of the inmate's offense, it would appear, given the short length of the sentence, her crime did not cause anywhere near the damage caused by defendant here.

4

In making a determination under § 3582(c)(1)(A), courts are required to consider "the factors set forth in [18 U.S.C. §] 3553(a)," see 18 U.S.C. § 3582(c)(1)(A), which factors include the need "to afford adequate deterrence to criminal conduct" and "to protect the public from further crimes of the defendant." See 18 U.S.C. § 3553(a)(2)(B), (C). Although, as defendant points out, he did not engage in violent crime, his release after less than a year of his five-year sentence would neither serve as an adequate deterrent nor provide adequate protection to the public. In particular, defendant perpetrated, over an extended period of time, a complex fraudulent scheme that caused a large number of investors to suffer severe financial loss, which losses totaled "between $25 million and $65 million" (see Plea Agreement ¶ 2), and for many of said victims resulted in their losing their entire savings and homes.

Accordingly, for these additional reasons, the motion is DENIED as well.

**IT IS SO ORDERED.**

Dated: April 16, 2020

MAXINE M. CHESNEY
United States District Judge