IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JAMES B. CATLEDGE and DEREK F.C. ELLIOTT,<br>Defendants. | Case No. 12-cr-00678-MMC<br><br>**ORDER DENYING SUSAN BARBER'S MOTION FOR RELIEF UNDER CRIME VICTIM'S RIGHTS ACT**<br><br>Re: Doc. No. 419 |
|---|---|

Before the Court is a Motion, filed February 25, 2020, by Susan Barber ("Barber"), "for Relief Under the Crime Victim's Rights Act." Having read and consider the motion, the Court rules as follows.

On May 15, 2019, the Court issued an Amended Judgment against defendant James B. Catledge ("Catledge"), in which said defendant was ordered to pay Barber restitution in the amount of $328,647.09. (See Doc. No. 339.) On July 3, 2019, Barber filed a letter requesting the amount awarded be increased to $839,531.68; in particular, she argued her loss should not have been reduced by $510,884.59, the sum she received in settlement of a prior civil lawsuit brought on claims arising from the fraudulent scheme charged in the above-titled case.[1] By order filed September 23, 2019, the Court construed Barber's letter as a motion to correct the Amended Judgment and denied Barber's motion. (See Doc. No. 370 (citing United States v. Stanley, 309 F.3d 611, 613

---

[1] In the prior lawsuit, Barber alleged the defendants named therein conspired with the defendants named in the instant criminal action to cause her to invest in "the Sun Village Juan Dolio." (See Doc. No. 312-1 at 8.)

(9th Cir. 2002) (holding "when other parties have paid civil damages for the same loss for which a defendant is liable," a court ascertains the "full amount of the victim's loss" and "then subtracts the amount paid by the other parties").) Consistent therewith, the Court, on February 24, 2020, ordered the judgment against defendant Derek F.C. Elliott ("Elliott") include restitution to Barber in the amount of $328,647.09.

In the instant motion, Barber contends both Catledge and Elliott should be directed to pay her restitution in the total amount of her loss, which she now states is $812,297.07,[2] and that said amount should not be reduced by the above-referenced payment she received in her prior civil lawsuit. Barber fails, however, to set forth any cognizable basis for reconsideration of the Court's order of September 23, 2019.

Accordingly, Barber's motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: April 22, 2020

MAXINE M. CHESNEY
United States District Judge

---

[2] The apparent explanation for the difference between the amount Barber initially claimed, $839,531.68, and the amount claimed in the instant motion, $812,297.07, appears to be based on Barber's recent acknowledgement that she received from defendants additional payments on her investment. (Compare Doc. No. 343 at 2 with Doc. No. 419 at 3.)

2