IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>JAMES B. CATLEDGE and DEREK ELLIOTT,<br>　　　　Defendants. | Case No. 12-cr-00678-MMC<br>**ORDER RE: SUPPLEMENTAL BRIEFING** |

The Court is in receipt of the government's "Supplemental Response Re: Victim Restitution Letters," filed July 2, 2020, by which the government addresses issues raised as to the calculation of the amount of restitution to be awarded victim Joseph E. Morstein ("Morstein") and the proper scope of restitution to be awarded victims Steve and Sharon Thompson, George Hall, Elizabeth Duke, Diane Caldwell, and Kathy Avila.

In that regard, the government has provided a detailed explanation as to its calculation of Morstein's loss. As to the scope of restitution to be awarded to the other six victims, however, all of whom seek sums based on their investments in both the Juan Dolio resort and Maxim Bungalows at Cofresi, the government has provided little information.

Although the Court agrees it "would not be fair" to award only the "most vocal victims" compensation for both losses (see Supp. Response at 3:10), the government has not made a factual showing sufficient to support a finding that arriving at a determination as to all victims who incurred both losses would be "impracticable" or involve "complex issues of fact," see 18 U.S.C. § 366A(c)(3).  Rather, the government

does no more than point out it has received "voluminous VISs and letters" and then conclude it is "not reasonable or appropriate" to require it to make such determination. (See Supp. Response at 3:13-15.)

Accordingly, if the government is taking the position that identifying the victims who lost monies by reason of their investments in both the Juan Dolio resort and Maxim Bungalows at Cofresi, as well as determining the amount to be awarded each such victim, presents difficulties warranting excluding those victims' losses attributable to their investments in the Maxim Bungalows at Cofresi, it shall file, no later than July 24, 2020, a second supplemental response, setting forth therein the facts demonstrating those difficulties.

**IT IS SO ORDERED.**

Dated: July 7, 2020

MAXINE M. CHESNEY
United States District Judge