IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES B. CATLEDGE and DEREK F.C. ELLIOTT,<br><br>Defendants. | Case No. 12-cr-00678-MMC<br><br>**ORDER RE: LETTERS FROM VICTIMS REQUESTING MODIFICATION TO RESTITUTION SCHEDULES; DIRECTIONS TO CLERK** |

Before the Court are twenty-two letters sent by victims who seek orders modifying defendants' respective Restitution Schedules. Separate responses thereto have been filed by defendant James B. Catledge ("Catledge"), by defendant Derek F.C. Elliott ("Elliott"), and by the government, which, with leave of court, has filed two supplements to its initial response. Having read and considered the letters and the responses thereto, the Court rules as follows.

**A. Catledge**

On May 2, 2018, Catledge, pursuant to a Plea Agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, pleaded guilty to Count 2 of the indictment. (See Plea Agreement, filed May 2, 2018, ¶ 1.) Under the terms of the Plea Agreement, the parties agreed Catledge would receive a "sentence that may include imprisonment of up to but no more than 60 months" (see id. ¶ 8), and that he would pay "full restitution for all losses caused by all the schemes or offenses with which [he] was charged in this case," in an amount no greater than $91,000,000 (see id. ¶ 10.) On December 12, 2018,

the Court accepted the Plea Agreement, sentenced Catledge to a term of 60 months, and deferred determination of the amount of restitution. On January 10, 2019, the Clerk of Court entered judgment.

At a hearing conducted February 27, 2019, the Court ordered Catledge to pay restitution to all "Juan Dolio investors" who, as of that date, had submitted claims to the government (see Transcript of Proceedings, February 27, 2019, at 91:9 - 92:2), and, based on the Plea Agreement, found Catledge was not required to pay restitution to "Cofresi" investors (see id. at 90:8-13). On May 15, 2019, the Clerk of Court entered an Amended Judgment, attached to which was a Restitution Schedule listing 358 victims,[1] to whom Catledge was ordered to pay restitution in the total amount of $32,737,143.65. Thereafter, the Court, by order filed September 23, 2019, directed the Clerk to file a Second Amended Judgment, for purposes of adding to the Restitution Schedule one additional victim whose name had been inadvertently omitted. On October 25, 2019, the Clerk entered a Second Amended Judgment, attached to which is a revised Restitution Schedule listing 359 victims, to whom Catledge has been ordered to pay restitution in the total amount of $32,907,971.77.

As noted, the twenty-two letters now before the Court are from victims who seek, inter alia, an order modifying Catledge's Restitution Schedule, which, as also noted, is attached to the Second Amended Judgment.

"A court generally may not correct or modify a [judgment] once it has been imposed." See United States v. Penna, 319 F.3d 509, 511 (9th Cir. 2003). Rule 36 of the Federal Rules of Criminal Procedure, however, provides an exception to the general rule; specifically, Rule 36 allows a court to modify a judgment for purposes of correcting "clerical mistakes." See id. at 513. Put another way, a court, under Rule 36, may "conform" the terms of the judgment to that "which the record indicates was intended."

---

[1] Each victim identified in the Restitution Schedule was assigned a "Line ID" number, and, although the last victim on the list was given number 359, there was, at that time, one number to which no victim was assigned.

1  See United States v. Kaye, 739 F.2d 488, 490 (9th Cir. 1984); see also United States v.
2  Hernandez, 795 F.3d 1159, 1169 (9th Cir. 2015) (directing district court to amend
3  judgment "to conform with the oral pronouncement of the sentence").  The Court next
4  considers whether, with respect to any victim who has written a letter, the Restitution
5  Schedule contains a clerical error.
6       First, victim Amy Latourette, a Juan Dolio investor whose name is not on the
7  Restitution Schedule, has provided the Court with a copy of the Victim Impact Statement
8  she submitted to the government on January 3, 2013, in which she declared, under
9  penalty of perjury, she had invested the sum of $26,227.80.  The government agrees she
10  is entitled to an award of restitution, albeit in the lesser sum of $20,361.25, which reflects
11  the total of her investment less the return she realized thereon.  Catledge objects to
12  adding this victim to the Restitution Schedule, arguing such addition would amount to an
13  improper substantive modification of his sentence.  As set forth above, however, the
14  Court ordered restitution paid to Juan Dolio investors who had submitted claims as of
15  February 27, 2019.  As Amy Latourette is a victim of the Juan Dolio scheme and
16  submitted a timely claim, the Court finds the inadvertent omission of her name and loss
17  from the Restitution Schedule constitutes a clerical error for purposes of Rule 36, and,
18  consequently, finds it appropriate to correct the Restitution Schedule attached to the
19  Second Amended Judgment to conform to the Court's oral pronouncement that all Juan
20  Dolio investors who submitted a timely claim are entitled to restitution.
21       Next, victim Claudia Adams, whose name is on the Restitution Schedule and who
22  was awarded the sum of $48,961.79, contends the claim she submitted to the
23  government established a loss in the amount of $141,000.  As both the government and
24  Catledge point out, however, her award is not the result of a clerical error.  In the Victim
25  Impact Statement she submitted to the government,[2] she stated she had invested

---

[2] Her Victim Impact Statement is located on a CD the government lodged with the Clerk of Court on November 2, 2018.

3

1  $52,421.88 in Juan Dolio.  From that figure, the government deducted the sum of
2  $3460.09, the amount it found she had received on her investment, resulting in the
3  properly awarded sum of $48,961.79.

4  Lastly, there is no clerical error as to the other victims, each of whom (1) seeks an
5  award based on losses not sustained as a result of investments in Juan Dolio, and/or
6  (2) submitted a claim after February 27, 2019.  As set forth above, the Court, at
7  Catledge's restitution hearing, found, as against Catledge, the only investors entitled to
8  an award of restitution were individuals who had invested in Juan Dolio and submitted
9  claims to the government by February 27, 2019.

10  Accordingly, with the exception of Amy Latourette, whose request for an award will
11  be granted in the amount of $20,361.25, the above-referenced requests for modification
12  of Catledge's Restitution Schedule will be denied.

### B. Elliott

14  On August 27, 2014, Elliott, pursuant to a Plea Agreement under Rules 11(c)(1)(A)
15  and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, pleaded guilty to Count 1 of
16  the indictment.  (See Plea Agreement, filed August 27, 2014, ¶ 1.)  On November 6,
17  2019, and November 20, 2019, the Court conducted a two-day sentencing hearing.  On
18  November 20, 2019, the Court sentenced Elliott to a 24-month term of imprisonment and
19  found Elliott responsible for restitution to investors in Juan Dolio and the Maxim
20  Bungalows at Cofresi.  On December 19, 2019, judgment was entered, imposing said
21  term of imprisonment and deferring determination of restitution.

22  On February 14, 2020, the Court entered a stipulated Order Regarding Restitution,
23  whereby the Court awarded restitution to (1) the 359 victims identified in the most recent
24  Restitution Schedule, the Restitution Schedule attached to Catledge's Second Amended
25  Judgment, each of whom was an investor in Juan Dolio, (2) 34 additional investors in
26  Juan Dolio, who submitted claims after February 27, 2019, a deadline not applicable to
27  claims against Elliott, and (3) 21 "victims who purchased Maxim Bungalows products at
28  Cofresi who were not otherwise awarded compensation from Juan Dolio purchases."

1  (See Order Regarding Restitution, filed February 14, 2020, at 1:24-26.)  The names of all
2  such victims and the amounts they were awarded are set forth in the Restitution
3  Schedule attached to the Order Regarding Restitution.[3]
4      Subsequent to issuance of the Order Regarding Restitution, the Court received the
5  above-referenced twenty-two letters from victims, each of whom either seeks to be added
6  to Elliott's Restitution Schedule or to have the amount awarded therein modified.
7      At the outset, the Court notes that, as to Elliott, the Judgment has yet to be
8  amended to set forth the Court's restitution award, i.e., the Judgment, at present, does
9  not include an Order Regarding Restitution.  As neither the government nor Elliott
10 contends the Court cannot modify such order to add new victims or to revise the awards
11 made therein, irrespective of whether said proposed modifications are to correct a clerical
12 error, the Court next addresses, to the extent they pertain to Elliott, each of the victim's
13 requests.
14     First, Shannon and Maurice Boyle, Brian and Elyane Elmslie, Robert and Brenda
15 Fleming, Brenda Grow, James Edward Lawrence, Lori and William Sublette, and
16 Cornelius and Cheryl Wyche seek to be added to the Restitution Schedule, relying on
17 losses that, as the government points out, were incurred as a result of investments in
18 Cofresi products other than the Maxim Bungalows at Cofresi.  As those other products
19 are not encompassed in the scheme alleged in the above-titled action, these respective
20 requests to be added to the Restitution Schedule will be denied.
21     Second, Nick Petro requests his existing award of $32,550 be increased by
22 $30,000.  As the government points out, however, the claimed additional losses were
23 incurred as a result of an investment in a Cofresi product other than the Maxim
24 Bungalows at Cofresi.  As those other products are not encompassed in the scheme
25 alleged in the above-titled action, his request will be denied.

---

[3] Subsequently, on February 24, 2020, the Order Regarding Restitution was amended for the sole purpose of correcting the amount of the total award to conform to the amount set forth in the Restitution Schedule, specifically, $38,724.570.17.

5

Third, Claudia Adams, as noted, asserts the amount she was awarded in the Restitution Schedule, specifically, $48,961.79, should be increased to $141,000. For the reasons set forth above, the request will be denied.

Fourth, Kathy Avila, Diane Caldwell, Elizabeth Duke, George Hall, and Steve and Sharon Thompson seek to have their respective awards, each of which is based on losses incurred as a result of investments in Juan Dolio, increased to include losses incurred as a result of investments in the Maxim Bungalows at Cofresi. As the government points out, however, it would not be appropriate to award such additional amounts "only to the most vocal victims" (see Government's Supp. Response Re: at 3:10-11), and, the government has submitted evidence showing it would require anywhere from 350 to 500 hours[4] to review all victim impact statements to accurately calculate restitution for all victims who invested in both Juan Dolio and the Maxim Bungalows at Cofresi (see id. 2:16-4:4; Bohan Decl. ¶ 6). Under these circumstances, the Court finds requiring such calculation "would complicate or prolong the sentencing process" to a degree that the need to provide additional restitution to persons previously awarded restitution for losses incurred as a result of investments in Juan Dolio "is outweighed by the burden on the sentencing process." See 18 U.S.C. § 3663A(c)(3). In light thereof, restitution awards previously provided to Juan Dolio investors will not be increased to account for losses they also incurred as a result of investments in the Maxim Bungalows at Cofresi. Accordingly, the requests made by Steve and Sharon Thompson, George Hall, Elizabeth Duke, Diane Caldwell, and Kathy Avilla will be denied.

Lastly, the remaining victims, specifically, Samuel Celovsky, Reed and Kristine Hymas, Judith Ferguson Johnson, Amy Latourette, Robert and Katherine McNeill, Joseph E. Morstein, Phyllis M. Rispoli, and Glenda R. Skeens, request to be added to the Restitution Schedule based on losses incurred as a result of investments in either Juan

---

[4] The government has submitted evidence that more than 950 hours have already been dedicated to the process of calculating the restitution awards. (See Bohan Decl. ¶¶ 4-5.)

1 Dolio or the Maxim Bungalows at Cofresi. The government and Elliott state no opposition
2 to including those victims in Elliott's Restitution Schedule.  Having reviewed the showing
3 made by each such victim and the government's responses setting forth the amount it
4 has determined represents each such victim's investment less any return thereon, the
5 Court will grant said requests in the following amounts:

| | |
|---|---|
| Samuel Celovsky | $186,300.00 |
| Reed and Kristine Hymas | $ 18,562.52 |
| Judith Ferguson Johnson | $148,000.00 |
| Amy Latourette | $ 20,361.25 |
| Robert and Katherine McNeill | $   9,500.00 |
| Joseph E. Morstein | $199,509.66 |
| Phyllis M. Rispoli | $ 92,070.00 |
| Glenda R. Skeens | $ 62,257.79 |

## CONCLUSION

For the reasons stated above:

1.  With respect to Catledge, the victims' respective letter requests are hereby DENIED, with the exception of the request submitted by Amy Latourette, which request is hereby GRANTED in the amount of $20,361.25.

The Clerk of Court is hereby DIRECTED to file, as to Catledge, a Third Amended Judgment for the purpose of adding Amy Latourette's award to the Restitution Schedule.

2.  With respect to Elliott, the victims' respective letter requests are hereby DENIED, with the exception of the requests submitted by Samuel Celovsky, Reed and Kristine Hymas, Judith Ferguson Johnson, Amy Latourette, Robert and Katherine McNeill, Joseph E. Morstein, Phyllis M. Rispoli, and Glenda R. Skeens, which requests are hereby GRANTED in the amounts set forth above.

The Clerk of Court is hereby DIRECTED to file, as to Elliott, an Amended Judgment for the purpose of attaching thereto the Restitution Schedule submitted by the

United States District Court
Northern District of California

1  government on May 15, 2020.  (See Doc. No. 446-1.)

2  **IT IS SO ORDERED.**

4  Dated: July 28, 2020

MAXINE M. CHESNEY
United States District Judge