IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>JAMES B. CATLEDGE,<br><br>  Defendant. | Case No. 12-cr-00678-MMC-1<br><br>**ORDER DENYING DEFENDANT CATLEDGE'S REQUEST TO CLARIFY SECOND AMENDED JUDGMENT** |

On May 14, 2020, defendant James Catledge ("Catledge") filed a "Response to the Court's Order filed on April 22, 2020," in which he responded to a number of victims' requests for modification of the Restitution Schedule attached to the Second Amended Judgment. In said Response, Catledge also includes a request, pursuant to Rule 36 of the Federal Rules of Criminal Procedure, that the Court "clarify that the restitution order against him will not accrue any interest or penalties." (See Catledge's Response at 8:13-14.) Having read and considered Catledge's request for clarification, the Court rules as follows.[1]

Under Rule 36, a court may "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." See Fed. R. Crim. P. 36. Here, Catledge argues, the Second Amended Judgment should be clarified to provide that the amount owed to victims will not accrue interest or penalties because he "does not have the ability to pay" and the Court "has already set the terms for

---

[1] By order filed concurrently herewith, the Court has addressed the victims' requests for modification of the Restitution Schedule.

1  repayment" in the Second Amended Complaint.  (See Catledge's Response at 8:15-16.)

2  With respect to interest, 18 U.S.C. § 3612(f) provides as follows:

3  (1) In general.—The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of the judgment. If that day is a Saturday, Sunday, or legal public holiday, the defendant shall be liable for interest beginning with the next day that is not a Saturday, Sunday, or legal public holiday.

(2) Computation.—Interest on a fine shall be computed—

   (A) daily (from the first day on which the defendant is liable for interest under paragraph (1)); and

   (B) at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the first day on which the defendant is liable for interest under paragraph (1).

(3) Modification of interest by court.—If the court determines that the defendant does not have the ability to pay interest under this subsection, the court may—

   (A) waive the requirement for interest;

   (B) limit the total of interest payable to a specific dollar amount; or

   (C) limit the length of the period during which interest accrues.

See 18 U.S.C. § 3612(f).

In the instant case, the restitution award far exceeds $2,500 and was not paid in full before the fifteenth day after entry of the Second Amended Judgment.  Thus, under § 3612(f)(1), Catledge is required to pay interest on that award, unless the Court, pursuant to § 3612(f)(3), exercised its discretion to waive the interest requirement.  As Catledge acknowledges, the Second Amended Judgment includes no provision by which interest is waived.  Consequently, by seeking relief under Rule 36, Catledge is, in essence, asserting the lack of such provision is a clerical error.

In that regard, Catledge does not contend the Court, on the record at the restitution hearing or otherwise, expressly ordered interest be waived.  Rather, Catledge appears to argue the Court implicitly waived the interest requirement because interest is not mentioned in the Schedule of Payments set forth in the Second Amended Judgment. (See Def.'s Response at 8:15-23; Second Amended Judgment at 7.)  Catledge's

argument is not persuasive, as, in setting forth the manner in which payments will be applied, the Second Amended Judgment states as follows: "Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) <u>restitution interest</u>, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including costs of prosecution and court costs." (<u>See</u> Second Amended Judgment at 7 (emphasis added).)

Consequently, there being no showing that the Court, either expressly or implicitly, exercised its discretion to waive the interest requirement, Catledge has failed to show the lack of any such provision in the Second Amended Judgment is a clerical error.

Next, with respect to penalties, § 3612(g) provides as follows:

> Penalty for delinquent fine.—If a fine or restitution becomes delinquent, the defendant shall pay, as a penalty, an amount equal to 10 percent of the principal amount that is delinquent. If a fine or restitution becomes in default, the defendant shall pay, as a penalty, an additional amount equal to 15 percent of the principal amount that is in default.

<u>See</u> 18 U.S.C. § 3612(g).

Even assuming a court would have the discretion, at the time a judgment is entered, to waive the imposition of any penalty that might later be imposed under § 3612(g), the Court did not expressly do so in this case. To the extent Catledge argues the Court implicitly did so by not referring to penalties in the Schedule of Payments set forth in the Second Amended Judgment, the Court is not persuaded, as payments are, under the terms of said Judgment, to be applied to any "penalties" imposed, once six other categories of payments have been made. (<u>See</u> Second Amended Judgment at 7.)

Consequently, as there is no showing that the Court, either expressly or implicitly, waived the requirement that Catledge pay any penalty that may be imposed under § 3612(g), Catledge has failed to show the lack of any such provision in the Second Amended Judgment is a clerical error.

Lastly, the Court finds unpersuasive Catledge's argument that "[i]t was never the intent of the parties that interest would apply." (<u>See</u> Def.'s Response at 9:2-3.) The Plea Agreement contains no such provision and Catledge expressly states therein: "I agree

1  that this Agreement contains all of the promises and agreements between the
2  government and me, and I will not claim otherwise in the future."  (See Plea Agreement
3  ¶ 12.)
4        Accordingly, the request for clarification is hereby DENIED.
5  **IT IS SO ORDERED.**

7  Dated: July 28, 2020

MAXINE M. CHESNEY
United States District Judge